# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EARL T. BARNETT,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-195**          (JCN: 840020058)

**MOHIGAN MINING CO.,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, IN ITS CAPACITY AS ADMINISTRATOR OF THE OLD FUND,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Earl T. Barnett appeals the April 10, 2023, order of the Workers' Compensation Board of Review ("Board"). West Virginia Offices of the Insurance Commissioner, in its capacity as administrator of the Old Fund ("Old Fund"), filed a response.[1] Mr. Barnett filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Barnett's petition to reopen his claim for a permanent total disability ("PTD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 24, 2022, Mr. Barnett submitted his request to reopen his claim for consideration of a PTD award. By order dated July 29, 2022, the claim administrator denied Mr. Barnett's request that the claim be reopened for consideration of a PTD award after finding that he did not meet the statutory requirements to be considered for such award of benefits. Mr. Barnett protested this order.

---

[1] Mr. Barnett is self-represented. Old Fund is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

Mr. Barnett submitted into the record various medical reports in which physicians offered their opinions regarding his level of impairment.[2] Mr. Barnett was granted separate permanent partial disability ("PPD") awards in 1985, 2003, and 2004, which, when combined, total 25% PPD. These awards were related to various compensable occupational injuries. Mr. Barnett has also received a 50% veterans' disability rating from the Department of Veterans Affairs. Previously, Mr. Barnett applied for PTD benefits in 2007, 2016, and 2017; all previous applications were denied. Mr. Barnett turned seventy years old on July 28, 2013.

On April 10, 2023, the Board affirmed the claim administrator's order denying Mr. Barnett's petition to reopen the claim for PTD benefits. The Board based its determination on the following: 1) Mr. Barnett is not eligible to receive PTD benefits due to his age; 2) his petition was untimely filed; and 3) he has not met the minimum threshold of PPD awards as statutorily required pursuant to West Virginia Code § 23-4-6(n)(1) to apply for a PTD award. Mr. Barnett now appeals the order of the Board.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Barnett argues that the impairment ratings from various physicians, his veterans' disability rating, and the PPD awards he was granted should be combined in order to reach the statutory impairment threshold required to be considered for a PTD

---

[2] Many of these medical reports involve impairment ratings and occupational injuries for which Mr. Barnett was not actually granted PPD awards.

award. Mr. Barnett further argues that his age should not bar him from receiving PTD benefits because he received his impairment ratings prior to turning seventy years old. We disagree.

West Virginia Code § 23-4-6(n)(1) (2005) provides:

[I]n order to be eligible to apply for an award of permanent total disability benefits for all injuries incurred and all diseases, including occupational pneumoconiosis, regardless of the date of last exposure . . . . a claimant: (A) Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section.

West Virginia Code § 23-4-6(n)(2) provides, "[f]or any permanent total disability award made after the amendment and reenactment of this section in the year 2003, permanent total disability benefits shall cease at age seventy years."

West Virginia Code § 23-4-16(a) (2005) provides, "[u]pon and after February 2, 1995, the period in which a claimant may request a modification, change or reopening of a prior award . . . . in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award."

Here, the Board found that Mr. Barnett is statutorily ineligible to be considered for an award of PTD benefits for three reasons. First, Mr. Barnett is over the age of seventy, and PTD benefits cannot be granted to a claimant over the age of seventy. Second, the Board found that Mr. Barnett's application for reopening was untimely; Mr. Barnett was granted his initial PPD award in this claim on March 8, 1985, and he filed this reopening application for PTD more than five years later. Finally, the Board found that Mr. Barnett did not meet the statutory threshold because he did not receive the minimum of 50% in prior PPD awards.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Barnett is barred from receiving PTD benefits due to his age being over seventy, that his claim is time-barred for a reopening as it has been over five years since the date of his initial award of PPD in the claim, and that his actual PPD awards do not equal the requisite minimum 50% impairment. Considering the foregoing findings, the Board is not clearly wrong in finding that Mr. Barnett is not eligible for consideration of a PTD award. The statutory impairment requirement for a PTD award can only be satisfied by PPD awards that have actually been granted in a workers' compensation claim. Thus, Mr. Barnett's impairment ratings by doctors and the impairment ratings determined by the Department

of Veterans Affairs (including impairment it deemed was not related to military service), are not applicable to an award of workers' compensation PTD benefits. Ultimately, Mr. Barnett simply does not meet the statutory requirements to be considered for a PTD award.

Finding no error in the Board's April 10, 2023, order, we affirm.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating

4